UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN MOTYKA and JULIE MOTYKA,
individuals; and SHAWN MOTYKA, as Next
Friend for K.M.,

   Plaintiffs,

v.

HOWELL PUBLIC SCHOOL DISTRICT,

   Defendant.
                 /

Case No. 14-10559

Honorable John Corbett O'Meara

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS**

   This matter came before the court on defendant Howell Public School District's April 30, 2014 motion to dismiss. Plaintiffs Shawn and Julie Motyka filed a response June 4, 2014; and Defendant filed a reply June 19, 2014. Oral argument was heard June 19, 2014. For the reasons that follow, the court will grant Defendant's motion.

**BACKGROUND FACTS**

   Plaintiffs Shawn and Julie Motyka are the parents of KM, who was a kindergartner at Howell's Hutchings Elementary School during the 2011-12 school year. Having been diagnosed as having a Pervasive Developmental Disorder on the Autism Spectrum, KM was placed in a classroom designated for emotionally impaired students. The student was the subject of an Individualized Education Program ("IEP") dated January 25, 2012, which called for KM to be taken to the speech room when a behavior issue arose and to be given visual reminders.

   During the morning of February 13, 2012, KM attempted to run from the classroom. KM's teacher and assistant physically picked up KM and put him into the classroom's bathroom.

According to the teacher's notes, she and an assistant then "[stood] guard" at the bathroom door for approximately one hour, not allowing KM to leave the bathroom. The teacher's notes also reference a second incident on the same day when KM was secluded for a second time in the bathroom.

Plaintiffs and school officials met several times afterward. When the parties could not reach an agreement whether to send KM back to the same elementary school, Plaintiffs enrolled KM in the Hartland School District for the following school year. The federal claims remaining in this suit are brought under the Individuals with Disabilities in Education Act ("IDEA"), the Americans with Disabilities Act, and the Rehabilitation Act. Defendant has moved for dismissal, asserting that Plaintiffs failed to exhaust their administrative remedies before filing suit.

## LAW AND ANALYSIS

The administrative exhaustion requirement is set forth in the IDEA. The Act conditions a state's receipt of federal funding upon the state's development and implementation of policies and procedures ensuring that "[a] free appropriate public education is available to all children with disabilities." 20 U.S.C. § 1412(a)(1)(A). When a complaint arises related to an educational decision or the IEP of a child in special education, the IDEA requires a parent to exhaust state administrative remedies before proceeding to federal court. 20 U.S. § 1415(l); Crocker v. Tennessee Secondary Sch. Athletic Ass'n, 873 F.2d 933, 935 (6th Cir. 1989).

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, Title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(l).

Subsection (f) provides for an "impartial due process hearing," and subsection (g) provides for an appeal to the state educational agency "[i]f the hearing required by subsection (f) of this section is conducted by a local education agency."  20 U.S.C. §§ 1415(f) and (g)(1).

Merely filing a complaint in the state complaint process does not satisfy the exhaustion requirement under the IDEA.  <u>Long v. Dawson Springs Indep. Sch. Dist.</u>, 197 Fed. Appx. 427 (6th Cir. 2006) (affirming dismissal of complaint for failure to exhaust administrative remedies when plaintiff appealed the relief afforded to her from the state complaint resolution process but she had abandoned her due process hearing).

In this case Plaintiffs contend that they have exhausted their administrative remedies by filing a complaint with the state and by receiving a favorable decision.  However, Plaintiffs did <u>not</u> file a due process complaint; and that due process complaint has not been heard by an administrative law judge.  Accordingly, they have not exhausted state administrative remedies as required by the IDEA.

## ORDER

It is hereby **ORDERED** that defendant Howell Public School District's April 30, 2014 motion to dismiss is **GRANTED.**

                                         s/John Corbett O'Meara
                                         United States District Judge

Date:  June 20, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, June 20, 2014, using the ECF system.

                                         s/William Barkholz
                                         Case Manager